Good morning, and may it please the Court, my name is Callard Cowdery, and I represent the petitioner, Mr. John Doe. Your Honors, with your permission, I would like to reserve three minutes for rebuttal. About 25 years ago, Doe dissociated from a notorious Jamaican gang now known as the Junglists. They beat him, sliced him with a machete, and burnt him with acid. He fled to the United States, but in 2023, when the Junglists learned he would soon be deported, they reignited their vengeance, running down the home he inherited in Jamaica and murdering his cousin for challenging the gang's ongoing threat against Doe. What was the basis for saying that the gang learned that he was returning to Jamaica, or that he had been released from custody? What in the record supported that, or how they determined that? Doe provided testimony in his initial proceedings about how he had heard from family members back in Jamaica that his imminent release date from prison was being circulated throughout the neighborhood. This is corroborated by the expert report that was later submitted with the motion to remand, which stated that Jamaica is a small community and information circulates widely there. Moreover, he later provided evidence that his release date was publicly listed online for when he would be released. So there's a difference between being released from custody for his conviction and his immigration status, and I thought I understood that there was some suggestion that gang members in Jamaica would also know his immigration status, and it wasn't clear to me how they would know that. Correct, Your Honor. It is independent, however, because the Jamaican gangs do monitor individuals who are deported back to Jamaica. They have awareness that individuals who are committed of crimes are then put into deportation proceedings, and their deportation is seen as imminent. And this is evidenced by the evidence in the record, both through Doe's testimony, as well as through letters from his family in Jamaica, who attest to the fact that it was circulating in the neighborhood where Doe is from. Well, they were saying it was circulating that he had been released from prison, but I don't know that there's any database online that you could check to see somebody's immigration status. So it seemed pretty speculative that they would know what his immigration status was or if he was being returned to Jamaica, and I thought you were relying on expert testimony to suggest that through corruption through the government that that information would be released when he actually returned to the country, but that's a different matter than testimony from him or his family. Correct, Your Honor. There are multiple grounds on which we rest. There is the testimony from him. There's testimony from his family who spoke to the active knowledge they heard in the community of the Junglists who saw him as being deported, and then additionally, there is expert testimony that explains that because of corruption, Jamaican officials do communicate to the gangs. But regardless, I think the strong evidence we have here is from the family that witnessed within the community rumors circulating that Joe would be returned, showing that the information was disseminated throughout the community. So there are multiple places in the record where there's evidence to support the fact that the Junglists became aware. And today, I would like to focus my time on the three most egregious errors that the board committed in denying Joe's motion to remand. First, the board did not provide a reasoned explanation for failing to consider the expert's  Second, the board applied the wrong standard when denying the motion to remand based on ineffective assistance of counsel. And third, the board applied the wrong standard again in denying the motion to remand based on new evidence. Turning to my first point, I would like to address a dispositive egregious legal error committed by the board. The board provided no reasoned explanation for failing to address the country conditions expert testimony. Cats implementing regulations require all evidence to be considered. This court has consistently and repeatedly ordered remand whenever the board fails to give reasoned consideration to potentially dispositive evidence. This occurred, just to name a few published examples, in Ine, Cole, Aguilar-Ramos, Camalthus, and Encarnacion recently. This board has also said that when it comes to expert testimony, if the board rejects it, the board must state why it was insufficient and give a reasoned explanation. And even the board itself requires explicitly addressing expert testimony before rejecting it. And that comes from their decision in matter of MAMC. And here, the board said nothing regarding the expert testimony. In their briefing, the government attempts to justify this by pointing to the fact that the board referenced the expert testimony when it summarized evidence Doe asserted his prior counsel should have filed. But the board made no direct reference to the report that was actually submitted. And again, even if this court finds that a mentioning expert testimony occurred, board's precedent and this court's precedent say that's not enough. There must be a reasoned explanation. Especially here, where the board was required to accept the expert's contentions as true unless they were inherently unbelievable. I'll note here that the expert findings are clearly dispositive. Dr. Damien Blake boasts at least 20 years of research relating to Jamaica as well as authoring numerous publications regarding politics, society, and violent actors in Jamaica. He provided a thorough, reasoned, and particular analysis as to Doe, spanning 33 pages. As to the likelihood of torture that Doe faces, Dr. Blake specifically found that Doe has a high and more likely than not risk of deadly violence in Jamaica. This expert report was a new one, right? I guess submitted as new evidence with the IAC motion, the two motions to remand? That's correct, Your Honor. And the BIA opinion does refer to new evidence being submitted. So maybe it doesn't explicitly mention the expert by name, but that it does address that Doe has presented new evidence and then explains why the BIA does not feel it's adequate here. It looks like it did address the merits of it. Your Honor, while it may have addressed the merits in general and provided a general summary of that it considered the evidence before it, a catch-all phrase cannot stand. If there is any evidence within the record, that particular evidence was not considered. And this court has found, as I mentioned, in numerous cases where there is any indication that the evidence was not considered, that constitutes an abuse of discretion and is legal error. And here, Dr. Damien Blake's report is clearly dispositive. He made a finding, as I stated, that Doe has a high and more likely than not risk of deadly violence in Jamaica. And to acquiescence, he found that the Jamaican police would likely turn a blind eye or acquiesce to any torture that Doe might experience. So just the fact that the board never stated any reason for not considering a report, testimony of an expert that speaks directly to the torture that Doe will experience and that has never been reviewed by a fact-finder, that's enough for remand. And this alone, regardless of any other issue before the court today, necessitates remand. And what is the specific new evidence about the acquiescence issue? I mean, it seems like it's kind of similar to what was presented before. The evidence on acquiescence introduces an additional element that was not presented at Doe's initial CAT hearing. The expert explains in detail how individuals like Doe himself who are deportees and who have prior convictions are treated differently by the Jamaican police. They are seen as what Dr. Blake refers to as waste men, and they are not seen as worthy of protection and often become a target for violence by the police themselves. So this is an entirely new reason for acquiescence that was not addressed at all by the board and was not presented at the lower court. Additionally, Dr. Blake, as well as country conditions evidence, shows that there's direct collusion between the gangs and the police in Jamaica, as well as corruption, which further supports the acquiescence analysis and is akin to the evidence that's presented in cases that this court has also ordered remand, and finding that the board construed the acquiescence standard too narrowly. That's still kind of similar to what was said before, which is conditions aren't great in Jamaica, but the government is still making some efforts, maybe not up to standards here, but they are making some efforts. It seems like it's very duplicative or cumulative of what was presented before. Your Honor, what is not duplicative or cumulative is the evidence that Doe shares particular characteristics that will make the Jamaican police more likely than not to turn a blind eye to any harm that might befall him. So that is not cumulative. That does not appear in the initial proceedings. Additionally, the evidence that is submitted under a proper acquiescence analysis does show a likelihood of acquiescence, as this court has held that acquiescence does not require only that the federal government itself would acquiesce, but that an official at any level would acquiesce. And here, with the copious amounts of evidence showing corruption and direct collusion between the gangs, this evidence is not duplicative and certainly meets the requirements for acquiescence. Turning to my second point, when the board found that Doe's prior counsel's ineffective assistance did not result in prejudice, it applied the wrong legal standard. This court has repeatedly held that the prejudice standard requires considering whether the deficient performance may have affected the outcome. So doesn't the BIA decision say that, and cite authority for that point, and then include in parenthetical explaining that the standard may have? You're correct, Your Honor. The board decision does cite a parenthetical. Well, it cites a case. Cites a case with a parenthetical. And setting out the standard. It's explicitly setting forth the standard, which seems to clearly indicate that the board knew the standard and were setting it forth, and it was setting it forth in its decision. Yes, Your Honor. They do cite a case and include a parenthetical that does use the correct may have affected the outcome. However, in Fonseca Fonseca, this court found that there's a history of conflating standards. In both the board's prior decisions as well as the Ninth Circuit's before that time. And here, the standard was clearly conflated. They did cite the correct standard through case law, but in their ultimate conclusion, they used the language would have affected. And this shows a clear conflation of standards, and this court has ordered remand in other cases where the standards have been conflated. An example of this occurs in Doe v. Garland, case number 271884. And there, both standards were cited and remand was still ordered on that basis. You are under three minutes. Did you want to reserve time for rebuttal? Yes, I'd like to reserve the remainder of my time for rebuttal. Thank you, Your Honor. Whitaker, can you hear us? Yes. Yes, I can. Thank you. Good morning. May it please the court. My name is Kristen Whitaker, and I'm here on behalf of the Attorney General of the United States. This court should deny the petition for review. First, substantial evidence supports the agency's denial of the petitioner's claim for cat deferral because he failed to show a likelihood of torture with the requisite state action. Second, the board did not abuse its discretion in denying the motion to remand because the petitioner failed to show that he was prejudiced or that the new evidence he presented was material to his claim. Now, going to the administrative appeal or the original cat deferral claim, as Your Honor pointed out, there is no sufficient or persuasive evidence showing that the Wild Bunch gang had any continued interest in the petitioner. There had been a significant length of time that he has had any contact with gang members or also government officials. There is no evidence that he would be targeted, and he failed to show or identify any evidence that compels the contrary conclusion. So if we move past that issue for the sake of argument, assume there's substantial evidence to support the IJ's initial determination, there still seems to be two very live and significant issues with respect to the motion to remand, the motion to reconsider and remand. So the one being ineffective assistance of counsel and the other being new evidence, newly discovered evidence. So can you turn to those points and explain why your friend on the other side is incorrect when she says that the board applied the wrong standard and disregarded evidence? Yes, Your Honor. So turning to the motion to remand, the board appropriately denied that motion, first off, because the petitioner failed to show prejudice. Now, the board did apply the right standard. As Your Honor pointed out, they referred to a case, and in that parenthetical, they explicitly announced the standard, which may have affected the outcome. And as to the actual basis of that determination, they discussed the evidence that the petitioner had presented. They included the expert witness report. And this isn't just a catch-all sentence where they just said that this evidence was insufficient. They provided, as Your Honor pointed out, the basis for determining why it was insufficient, that the evidence itself was largely cumulative. And any evidence that wasn't necessarily cumulative didn't reach statutory requirements for CAT deferral. So it failed to show that mistreatment constituting torture was pervasive. So it's very clear that the agency here didn't just merely react. They considered the evidence before it and provided a reasoned decision. And there is also the presumption of regularity. Now, I know that the petitioner has pointed out cases in which this court has found that the agency has failed to give the expert witness adequate attention. But in those cases, there are generally issues such as, you know, there are mischaracterizations of the evidence. In, for instance, the 28-J, the letter, the case itself, there was issues with the immigration judge's evaluation of the expert report. There were just inaccuracies abound. So we don't have that here. The agency handled the evidence appropriately, and it gave a reasoned decision. And it applied the right standard. Granted, the concluding sentence did say would have. That's more about semantics. It's obvious that they're applying the standard. And even if there was an error there, it's harmless. And it would be futile to send it back to have the board then just say, we meant what we meant. We said the right standard, and we applied it. Now, as for the motion to reenter for new evidence, the board also applied the right standard there. They applied the would likely have changed standard. And that's because it goes to materiality. Now, Petitioner points out Fonseca and says that it should be a lower standard. However, Fonseca did not touch on materiality whatsoever. And it is important that materiality is separate because we look at motions to reopen and that they're disfavored. And that finality is, you know, the most of the most important here. And so when we're looking at materiality, we want to see that it affects the deficiency of the claim. And so this evidence, it doesn't affect the deficiency of the claim. Because even if it's talking about, you know, gang violence and the wild bunch, it doesn't touch whatsoever on state action. It doesn't go into how the government or a government official would torture the petitioner or acquiesce to that torture. And so he failed to sufficiently explain how it was material to his cat deferral claim. So that is why the board didn't abuse its discretion. Now, even though we haven't had clear precedent on the matter of materiality, that is another reason why the board didn't abuse its discretion in applying its standard that it believes is appropriate based on Calejo. Because we don't have any precedent saying that it's wrong, it obviously can't be arbitrary. It's not capricious and it's not contrary to the law. So the board didn't abuse its discretion applying the standard that it had before it. Does that answer your honors questions in regards to the motion to remand? Well, there are two parts. So there's a part on ineffective assistance of counsel and then newly discovered evidence. Is your argument the same for both or is there a distinction? Well, so there are different standards for the first part for the ineffective assistance of counsel. It's the may have affected the outcome of the case. And so for the second part, materiality is would likely change. So this court's precedent is already established in regards to the ineffective assistance of counsel. The court has established that it may have affected. But here we don't have evidence that may have affected. If it is the same evidence, if it's cumulative, it can't plausibly affect it. And then also, if you have evidence, say, regarding prison conditions, but you don't show any specific intent to torture, then it plausibly cannot affect the claim because that is a requisite to establish torture. So the evidence differs. So for the IAC claim, it's largely based on the expert declaration, which responds or appears to be an attempt to respond to the immigration judge's findings based on the passage of time, 20 years or so since Mr. Doe had been in Jamaica and had interacted with the gang. So then they had this ineffective assistance claim that prior counsel didn't present this information. And then on the newly discovered evidence. So I understand that that is based on the murder of Mr. Doe's cousin, correct? That's correct. And they're completely separate. So we have this new evidence that could not have been presented by his counsel because it occurred after the fact. And so you have to show that it is material to the claim and that you have to reopen it. So he didn't show that it was material because he didn't show how it would have affected the acquiescence prong. And in fact, which which bit of evidence are you discussing now? The murder? Sorry, the cousin's murder. So he did not show how the government would acquiesce to torture of the petitioner or an official himself would torture the petitioner. And even if you're looking at the cousin's murder, there is evidence there that the government was involved, not involved in the murder, but involved in investigating the murder. And there was a police report and they were following up. And so that clearly does not show acquiescence that they're willfully blind to gang violence. So this evidence is not material whatsoever to the cat deferral claim. If you can establish a dispositive prong for cat. So circling back to the the ineffective assistance of counsel claim. If we were to agree with your friend on the other side that it's at least confusing what standard the board applied because they cite the correct standard, but then they use the concluding language would have is that does that mean that we should grant the petition and send it back to the BIA to reconsider or more clearly apply the correct standard? If it's a matter of just wanting the board to say, yes, this is the standard that we apply. I would contend that remand would be futile here, that that's harmless error. Now, if the board thinks or excuse me, if the court is uncertain, if they applied the right standard based on the language used and also the basis of the board's decision, the reasons provided, then send it back for that specific reason for the board to clarify in regards to the ineffective assistance of counsel claim. However, the court can still look to the other part of the motion to remand in regards to the new evidence of the cousin's murder and say, or you did that right. You didn't abuse your discretion. And you can also look to the administrative appeal and say substantial evidence support the agency's conclusion. And that's OK. But we're looking solely at the ineffective assistance of counsel. So we usually try not to reach issues that we don't need to reach. So why would we reach those issues? Is there some winnowing effect? Do you think this is in some way helpful to the board if we were to parse through and address these three issues that you've identified separately? I think it's important to remember that a motion to reopen is disfavored. And if we're opening this all up all over again and not reaching any issues that we have a sufficient record before us that shows that the agency did its job, we're we're allowing this case to continue and go beyond what's necessary. Also, there were matters that were exhausted before the agency in the administrative appeal. And there were matters that were not exhausted in the administrative appeal by by counsel. And it's not by former counsel that allegedly is deficient. So if we are sending everything back and opening it all up, then you're giving it basically another bite at the apple. I understand. I understand your answer. Thank you. Does your honor have any other questions or does anyone have any other questions? That is all the respondent rests on the arguments made before you here today as well in the answering brief. Thank you. Thank you. Your Honor, I would like to address two main points quickly on rebuttal. First, the government tries to excuse the errors created based on the motion to remand based on new evidence by first claiming that the board found this new evidence was not material to acquiescence. However, this is not true. This evidence is indisputably material to acquiescence. The police report describes the murder as simply being a gang feud when this directly contradicts witness testimony that says it arose because of the victim speaking up against the threat against Joe. Additionally, it showed no follow up with the family. So is that the standard for acquiescence that it was there unwilling or unable, not that they're inept at this point or that they don't pursue it in the way that petitioners family would prefer? Your Honor, the standard is to show that they would acquiesce or turn a blind eye. And here this evidence does speak to it. And importantly, at this stage, the do not need not show complete acquiescence. All he needs to show is that the new facts alleged coupled with the facts on the record show that it would be worthwhile to further develop the issues. So here we need to consider both the evidence that came in, the new evidence, as well as the record as a whole, the entire cat record, as well as the evidence that was presented on the motion to remand based on ineffective assistance of counsel. It's not looking at this evidence in isolation. It's looking at it together with the facts already on the record. And that comes from Tobiasen. Second, the government seems to be saying that the would likely change is a standard that can be used for materiality. But that is not the law. And just because there is not precedent does not mean that the board can create a new standard in this individualized case. We're reviewing for an abuse of discretion. So if there is not a clear violation of law, that makes it a little more difficult for you to establish that the standard the board applied was, in fact, an abuse of discretion. Well, here, the would likely change standard comes from a discretionary determination. And here there is no discretionary determination. INS via Voodoo in the Supreme Court. I see that my time has run. Go ahead and finish what you were saying. And the Supreme Court held that there's only a discretionary determination where the underlying relief sought is also discretionary. And here, though, is seeking cat. Council. Yes. Judge Gould with a question for you. How do you deal with the circuit precedent that says motions to reopen like this or are disfavored? Your Honor, here. First, the motion to remand based on ineffective assistance of counsel. Doe deserves to have a day in court in which he was not prevented from putting forth his entire case. So while they may be disfavored, they were specifically created by Congress to allow petitioners in situations like Doe to seek reopening. And that is the case both on the ineffective assistance as well as based on the new evidence that occurred after his hearing. Thank you. Thank you, Your Honor. Thank you. Thank you both for your arguments this morning. They were very helpful. And this case is submitted.
judges: GOULD, BADE, LEE